Scott, J.
A purchaser of lands at judicial sale, where the proceedings are legal and regular, and no ground exists for setting aside the sale, becomes, by his purchase, and by the payment of the purchase money, or compliance with the terms of sale, the equitable owner of the premises ; and though he may not be invested with the legal title till the confirmation of the sale, and the execution of a conveyance by the proper officer, pursuant to the order of court; yet, when the legal title is thus vested, for many purposes it relates back to the day of sale.
The execution debtor in such case, though in rightful possession of the premises, has no right, after the sale, without the assent, express or implied, of the purchaser, to deprive him of the use and enjoyment of the premises, and prolong his own possession, by sowing, on his own account, crops which may not mature or be harvested for many months after the confirmation of sale, and conveyance of the legal title. His own unauthorized acts, after the sale, can not be allowed *355 to impair the rights of the purchaser, and must be done at his own peril; If he can show sufficient cause for setting aside the sale, he may, of course, sow with safety. But if not, it is his own folly, that without any agreement with the purchaser, he has sown what he can not reap during the continuance of his rightful possession.
The case of crops growing at the time of sale, stands on wholly different ground, and former decisions of this court on that subject are, of course, wholly unaffected by the opinion in this case.
We think that in the absence of any evidence tending to show that the wheat in controversy was sowed with the assent of the purchaser under whom the defendant below derives title, the plaintiff was not entitled to recover; and that the verdict of the jury should have been set aside, and a new trial awarded for error in the charge of the court upon that point. The judgment of affirmance rendered by the district court will, therefore, be reversed, and rendering the judgment which that court should have entered, the verdict and judgment in the court of common pleas will be set aside, and the cause be' remanded for further proceedings.
Brinkerhofe, C.J., and Day, White, and Welch, JJ., concurred.